**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

BRIAN K. EASTERLY,

     Plaintiff,

     v.                      CASE NO. 1:26-CV-81-HAB-ALT

ERIC MELIA,

     Defendant.

### OPINION AND ORDER

Brian K. Easterly, a prisoner without a lawyer, filed a complaint alleging Officer Eric Melia violated his Fourth Amendment rights. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even so, 28 U.S.C. § 1915A requires the Court to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Easterly alleges Officer Melia violated the Fourth Amendment when he obtained his blood test results in 2020. Easterly explains those results were suppressed by the State trial court on March 21, 2025. *See State v. Easterly*, 02D05-2112-F5-484 (Allen Superior Court filed December 10, 2021). Easterly signed the complaint for this lawsuit on January 22, 2026. (ECF 1, at 4). Perhaps Easterly believed he needed to wait for the suppression ruling before filing this lawsuit, but "a Fourth Amendment claim accrues at the time of the search or seizure." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) *citing Wallace v. Kato*, 549 U.S. 384, 396 (2007). So,

this lawsuit is untimely because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted). Here, tolling does not apply. Easterly knew about the illegal search and had years to raise this claim.

Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Because it is legally frivolous to bring a claim after the statute of limitations has long since expired, this case will be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

**SO ORDERED** on May 19, 2026.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

2